IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tigran Buniatyan, | No. CV-26-02842-PHX-KML (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Todd Blanche, et al., | |
| Respondents. | |

Petitioner Tigran Buniatyan filed a petition for writ of mandamus (Doc. 1) and emergency motion for stay of removal (Doc. 2). The court will deny the emergency motion for stay of removal and order respondents to answer the petition.

**I.    Petition**

Petitioner is a native and citizen of Armenia who entered the United States in April of 2026 and, upon entry, expressed a fear of return to his home country and an intent to seek asylum. Counsel for petitioner filed a Form G-28—a notice of appearance on petitioner's behalf for immigration proceedings—on April 16, 2026. On April 20, 2026, counsel emailed respondents, reiterated his representation of petitioner, and informed respondents petitioner requested his counsel's presence during a credible fear screening. Respondents conducted a credible fear screening without notice to petitioner or his counsel, without counsel's presence, and made a negative credible fear determination. Petitioner and counsel had a video conference scheduled for April 21, 2026, which was cancelled because petitioner was transported to immigration court. Judicial review of the negative

credible fear determination was conducted on April 21, 2026, without notice to counsel or petitioner. Petitioner informed the immigration judge he is represented by counsel, but the IJ informed petitioner there was no attorney of record, proceeded with the hearing, and affirmed respondents' negative credible fear determination. Petitioner was informed he would be removed imminently. Petitioner argues he was denied a statutorily and constitutionally compliant credible fear screening under 8 C.F.R. § 235.3. (Doc. 1.)

Petitioner seeks (1) declaratory relief; (2) a "preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(a) compelling Respondents to refer, schedule, and provide Petitioner with a constitutionally compliant credible fear screening including the presence of counsel and, if necessary, the review of any subsequent negative determination before an Immigration Judge including the presence of counsel"; (3) a "writ of mandamus pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling Respondents to refer, schedule, and provide Petitioner with a constitutionally compliant credible fear screening including the presence of counsel and, if necessary, the review of any subsequent negative determination before an Immigration Judge including the presence of counsel"; (4) a temporary restraining order enjoining respondents from removing Petitioner; and (5) attorney's fees and costs. (*Id.* at 9.)

## II. Motion for Emergency Stay of Removal

In the Ninth Circuit, "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." Leiva-Perez v. Holder, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Unlike a preliminary injunction, see Fed. R. Civ. P. 65(a), a temporary restraining order (TRO) may be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b). A TRO may issue ex parte if: "(A) specific facts in an affidavit or a verified

complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).

Petitioner's motion seeks an order staying his removal pending resolution of his petition for writ of mandamus. Petitioner asserts he is likely to succeed on the merits of his mandamus petition (Doc. 2 at 4); would suffer irreparable harm in the absence of a stay (*Id.* at 5); the public interest does not weigh heavily against a stay due to petitioner's absence of a criminal history and because petitioner poses no threat to the community (*Id.*); and potential harm to petitioner outweighs any perceived harm or inconvenience to the government if a stay is not granted. (*Id.*)

Petitioner has not shown that he will suffer irreparable injury before respondents can be heard in opposition, has not submitted an affidavit or verified complaint, and has not certified the "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Because the request for a temporary restraining order fails to comply with Rule 65(b)(1)(B), the Court, in its discretion, will deny Petitioner's request for a temporary restraining order without notice. *See* LRCiv 65.1. As soon as practicable, Petitioner must serve the petition, the motion, and this order on the United States Attorney's Office for the District of Arizona. The court will order an expedited response to Petitioner's motion for emergency stay, which remains pending.

**IT IS ORDERED:**

(1)    Petitioner's motion for emergency stay of removal without notice (Doc. 2) is **denied**. The motion for emergency stay of removal remains pending awaiting a response from respondents.

(2)    Counsel for petitioner must immediately serve the petition and motion upon counsel for respondents.

(3)    No later than **12 p.m. on April 27, 2026**, defendants shall file their response to the motion for emergency stay of removal. Petitioner shall file his reply no later than **April 28, 2026** at **12 p.m.**

(4)    The clerk of court must immediately transmit by email a copy of this order and the petition and motion to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

Dated this 24th day of April, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**