**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Tigran Buniatyan,

        Petitioner,

v.

Todd Blanche, et al.,

        Respondents.

No. CV-26-02842-PHX-KML (MTM)

**ORDER**

Petitioner Tigran Buniatyan filed a petition for writ of mandamus requesting the court order respondents "to refer, schedule, and provide Petitioner with a constitutionally compliant credible fear screening including the presence of counsel and, if necessary, the review of any subsequent negative determination before an Immigration Judge." (Doc. 1 at 9.) Petitioner also filed an emergency motion to stay his removal pending adjudication of his petition for writ of mandamus. (Doc. 2.) The court ordered respondents to respond to the emergency motion. (Doc. 4.) The response provides evidence petitioner agreed to proceed with the credible fear interview without his counsel. (Doc. 6-2 at 4.) The response also provided evidence the Immigration Judge conducted a de novo determination of the credible fear screening. (Doc. 6-4 at 2.) Petitioner was given until April 28, 2026, to file a reply but chose not to do so.

On June 12, 2026, and again on June 22, 2026, petitioner filed practically-identical emergency motions to stay removal. (Docs. 8, 9.) Those motions assert without any supporting evidence that the Immigration Judge did not conduct a de novo review of the

negative credible fear finding, that respondents failed "to permit counsel to be present" at the credible fear interview, and somehow violated the regulation that allows for rescheduling a credible fear interview when "the alien is unable to participate effectively in the interview because of illness, fatigue, or other impediments." 8 C.F.R. § 208.30(d).

The only record evidence contradicts petitioner's central contentions regarding his entitlement to relief. That is, petitioner agreed to proceed without counsel and the Immigration Judge conducted the requisite type of review. In these circumstances, petitioner has not shown either a strong likelihood of success on the merits or a substantial case on the merits. *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011). The motions to stay removal are denied.

**IT IS ORDERED** the Motions to Stay Removal (Docs. 2, 8, 9) are **DENIED**.

**IT IS FURTHER ORDERED** respondents shall respond to the petition within twenty days of this order. Petitioner shall file a reply within ten days of the response.

Dated this 23rd day of June, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**